SAMUEL M. GIBBS, ET AL.

V.

FORREST D. GIBBS

Record No. 881266

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and
Harrison, Retired Justice

*George H. Gray (Outland, Gray, O'Keefe & Hubbard,* on brief), for appellants.

*F. Jefferson James (Frederick H. Creekmore; Basnight, Creekmore, Wright, Jones & Kinser,* on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

In this will contest we consider whether the trial court properly instructed the jury on the burden of proof and the standard of proof required to establish testamentary capacity.

Nancy Louvina Bodwell's will, dated March 18, 1975, was admitted to probate on December 27, 1985. In June of 1986, Ms. Bodwell's brother, appellee Forrest D. Gibbs, sought to establish the authenticity of a later will purportedly executed by Ms. Bodwell on October 14, 1978, revoking all previous wills.

Of the named defendants[1] in Forrest's petition, all of whom were beneficiaries under the 1975 will, only Samuel and Melvin Gibbs chose to respond. In their answer, Samuel and Melvin denied the authenticity of the 1978 will, charging that Nancy Bodwell was not competent to make a will on October 14, 1978. A proceeding *devisavit vel non* followed in which the jury, after being instructed by the trial court, returned a verdict in favor of Forrest, finding "that the paper dated October 14, 1978, [was] the last will and testament of Nancy L. Bodwell." The trial court denied defendants' motion to set aside the verdict and entered judgment on the jury's verdict.

We granted an appeal to defendants. For clarity, we will refer to the appellants, Samuel and Melvin Gibbs, as the contestants; and to the appellee, Forrest Gibbs, as the proponent.

## I.

The crucial issue for the jury in this case was whether the testatrix had the requisite testamentary capacity when she executed the writing dated October 14, 1978. Testamentary capacity is the term used to describe the degree of mental capacity required for the valid execution of a will. Code § 64.1-47. It exists if, at the time the testatrix executed her will, she "was capable of recollecting her property, the natural objects of her bounty and their claims upon her, knew the business about which she was engaged and how she wished to dispose of her property. . . ." *Tabb* v. *Willis*, 155 Va. 836, 859, 156 S.E. 556, 564 (1931). The proponent of the will bears the burden of proving the existence of testamentary capacity by a preponderance of evidence and retains that burden throughout the proceeding. *Smith* v. *Ottley*, 144 Va. 406, 421, 132 S.E. 512, 516 (1926); *Rust* v. *Reid*, 124 Va. 1, 25, 97 S.E. 324, 331 (1918); *Spencer* v. *Moore*, 8 Va. (4 Call) 423, 425 (1798).

In submitting the case to the jury, the trial court granted a number of instructions pertinent to this appeal. Instruction 1 stated in part:

---

[1] The defendants named in the petition were Samuel M. Gibbs, Melvin R. Gibbs, Ester Mae Bodwell, James L. Doutts, Jr., Highlands Child Placement Service, Hillcrest Department of Benevolences, and Central Fidelity Bank.

The only question in this case is whether this writing is the last will of Nancy L. Bodwell. In deciding this question, you will have to consider these issues:

. . .

(3) Did Nancy L. Bodwell have the testamentary capacity when she signed it?

On these issues the proponents of the will have the burden of proof.

Instruction 9 informed the jury that the proponent of the will had to prove by a preponderance of the evidence that at the time the will was signed "Nancy L. Bodwell was of sound and disposing mind and memory."

Instruction 6 directed the jury to find that the October 14, 1978 writing was not the last will of the testatrix if "the contestant[s] proved: By clear and convincing evidence" that the testatrix did not possess the requisite testamentary capacity at the time the will was made.

The contestants maintain that instruction 6 was flawed because it improperly placed the burden of proof on them to prove the testatrix's incapacity by clear and convincing evidence. We agree.

In this type of case, the proponent of the will is entitled to a presumption that testamentary capacity existed by proving compliance with all statutory requirements for the valid execution of the will. Once the presumption exists, the contestant then bears the burden of going forward with evidence to overcome this presumption, although the burden of persuasion remains with the proponent. *Redford* v. *Booker*, 166 Va. 561, 569-70, 185 S.E. 879, 883 (1936).

Here, the presumption of testamentary capacity arose when the proponent demonstrated that Nancy Bodwell signed the 1978 will in the presence of two competent witnesses, who thereafter subscribed the will in Bodwell's presence. At that point, it was incumbent upon the contestants to rebut the presumption by introducing evidence showing testamentary incapacity. The burden of persuasion, however, remained with the proponents of the will.

Instructions 1 and 9 informed the jury of the proper burden of proof for establishing testamentary capacity and properly placed that burden on the proponent of the will. Instruction 6 placed a burden of persuasion on the contestants to prove testamentary incapacity. The instruction also required the contestants

to establish testamentary incapacity by clear and convincing evidence. It is well settled that clear and convincing evidence is necessary to establish fraud or undue influence. In this case, however, contestants alleged only testamentary incapacity, not fraud or undue influence. Under these circumstances it is not necessary to apply the more exacting evidentiary requirement. To show incapacity, the contestants need only go forward with evidence sufficient to rebut the presumption of testamentary capacity.

We find that instruction 6 was erroneous insofar as it placed the burden of proof on contestants and required a showing of testamentary incapacity by evidence which was clear and convincing.[2]

## II.

The contestants further argue that the trial court erred in not granting instruction 6A. As offered, that instruction stated:

> While there is a presumption that every person is competent until such person has been declared incompetent, the jury should consider in determining whether Nancy L. Bodwell was competent to make a will on October 14, 1978 that pending at that time was a proceeding in the Norfolk Circuit Court in which an order was entered February 2, 1979 declaring her incapacitated and appointing a guardian of her funds, along with all of the other evidence introduced in the case, and determine from all of the evidence whether Nancy L. Bodwell on October 14, 1978 had testamentary capacity to execute a will.

This instruction, the contestants say, was based on the evidence and was taken almost directly from an instruction approved in *Tate* v. *Chumbley*, 190 Va. 480, 500-01, 57 S.E.2d 151, 160-61 (1950).

Our consideration of the instruction in *Tate* was simply to demonstrate the distinction between the two wills at issue in that case. The instruction was not at issue on appeal, and we did not pass on the propriety of the language used in that instruction.

---

[2] The contestants also complained that instructions 2, 3, and 4 failed to properly instruct the jury on the burden of proof and the requisites of testamentary capacity. However, the instructions taken in their entirety, with the exception of instruction 6 of course, properly instructed the jury on these issues.

Therefore, the fact that similar instruction was given in *Tate* is not instructive in the instant case.

Here, we agree with the trial court that instruction 6A was not proper. This instruction, which comments on the evidence by reviewing a prior court order, implies to the jury that the testatrix was *prima facie* incompetent when she executed the will because a competency hearing was pending at that time and a guardian was ultimately appointed for her. Testamentary capacity must exist when the testatrix executes the will. A pending competency hearing or subsequent determination of incompetency does not determine whether testamentary capacity existed at the time the will was executed. Likewise, the appointment of a guardian cannot be regarded as *prima facie* evidence of mental incapacity. *Gilmer* v. *Brown*, 186 Va. 630, 641, 44 S.E.2d 16, 21 (1947). Although evidence of such action is appropriate, it must be left to the jury, not the trial court, to assign appropriate weight to that evidence.

For the reasons stated above, the judgment of the trial court will be reversed and the case will be remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*