## CIRCUIT COURT OF FAIRFAX COUNTY

John M. Dyer

v.

John H. Hart et al.

June 28, 1994

Case No. (Chancery) 133091, (Fiduciary) 52480

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on the Executor's Petition for Aid and Direction in construing the documents submitted as wills in the Estate of Catherine M. Hart. The Court has now had the opportunity to review the authorities submitted during argument on June 17, 1994. After careful consideration, the Court has determined that the document referenced as Exhibit A is controlling and therefore acts as a valid revocation of the documents referenced as Exhibits B and C. Consequently, all of the assets in the above-referenced estate should pass by intestacy.

Pursuant to Virginia law, the proponent of a will is entitled to a presumption that testamentary capacity existed by proving compliance with all statutory requirements for the valid execution of the will. *Gibbs v. Gibbs*, 239 Va. 197, 200 (1990). The Dyers, as those contesting the will, therefore have the burden to go forward with evidence sufficient to rebut that presumption. *Id.*

Although some evidence was produced, the Court finds that the evidence presented is not sufficient to overcome the presumption of testamentary capacity. The evidence offered at the hearing showed that the drafter of Exhibit A thought that Catherine Hart intended only to appoint a new executor and not to revoke any prior instruments. The drafter understood that the distribution of her assets provided for in prior instruments would remain intact.

To the contrary, however, Exhibit A on its face expressly states language revoking "all other wills, codicils and other testamentary dispositions made by me before this date." The will is signed or marked by the testatrix and subscribed by two competent witnesses, as required by law in order to be valid. It appears that the testatrix's will, Exhibit A, appoints an executor but does not specify any distribution of property. However, absent sufficient evidence to rebut the presumption of competence, the Court must presume that Catherine Hart read the document, understood its terms, and intended to sign. Because the controlling will operates to revoke prior instruments and itself fails to dispose of the assets of the estate, distribution is governed by Virginia Code § 64.1-1 for intestate succession.