COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bray
Argued at Richmond, Virginia


RICHMOND DEPARTMENT OF SOCIAL SERVICES
                                            OPINION BY
v.  Record No. 2254-97-2          JUDGE JAMES W. BENTON, JR.
                                          NOVEMBER 24, 1998
GEORGETTE CARTER


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Melvin R. Hughes, Jr., Judge

          Susan M. Harris for appellant.

          (Charles P. d'Evegnee, on brief), for
          appellee.  Appellee submitting on brief.


     This is an appeal from an order rejecting a foster care
review plan, which proposed adoption for a minor child in the
custody of the Richmond Department of Social Services.  See Code
§ 16.1-282.  The Department contends the trial judge based his
decision upon application of an incorrect standard of proof.  For
the reasons that follow, we reverse the decision and remand for
reconsideration.

                                I.

     The Department obtained custody of the child by emergency
removal in 1994 when the child was five months old.  See Code
§ 16.1-251.  Between 1994 and 1996, the Department filed in the
juvenile and domestic relations district court three foster care
service plans pursuant to Code § 16.1-281.  Each plan stated a
program goal of returning the child to the child's biological
mother.  A judge of the juvenile court approved two of the plans.

The record does not contain any documents indicating whether a judge ruled on the third plan.

In 1997, the Department filed a foster care review plan pursuant to Code § 16.1-282. That plan proposed changing the program goal from returning the child to the mother to adoption of the child. A judge of the juvenile court reviewed and disapproved the goal of adoption. The Department appealed the judgment to the circuit court.

Following an evidentiary hearing, the circuit court judge entered an order finding, "based on clear and convincing evidence[,] that the change of goal from return home to adoption is inappropriate." Although this language in the order is ambiguous, the record makes clear that the trial judge ruled that the Department was required to prove by clear and convincing evidence that the change was appropriate. Indeed, the Statement of Facts, filed pursuant to Rule 5A:8(c), recites that the Department "disputes . . . that the standard of proof is clear and convincing to support a change of a foster care goal from return home to adoption."

                                II.

The proceeding in this case was commenced as a foster care service plan review pursuant to Code § 16.1-282. Recognizing that "Code § 16.1-282 sets forth no specific standard of proof for the establishment or modification of foster care plans," we recently held that "proof by a preponderance of the evidence is

the appropriate standard" to apply in proceedings under Code § 16.1-282. Padilla v. Norfolk Div. of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).

The order that the trial judge entered in this case indicates that the Department's burden was measured by a "clear and convincing" standard. That was an incorrect standard. See id.

The mother contends the Department failed to preserve for appellate review the issue whether the trial judge erred in applying the standard of proof. That claim is meritless. The statement of facts clearly indicates that the issue was disputed at trial. Once the objection was made at trial, the Department was not required to make it again to preserve the issue. See Code § 8.01-384(A).

The mother also contends the judgment should be affirmed because the Department "has not raised any error in the sufficiency of the evidence to support [the trial judge's] findings." We disagree. The Department's contention that the trial judge applied an incorrect standard of proof is the objection by which the Department "ma[de] known to the [trial judge] the action which [the Department] desire[d] the court to take." Id. That objection placed at issue whether the trial judge appropriately weighed the facts and reached a proper conclusion on the issue of sufficiency of the evidence.

> The term "burden of proof" actually refers to two separate burdens: the burden of producing evidence and the burden of

persuasion.  When a party has the burden of producing evidence on an issue, that party should receive an adverse ruling on the issue as a matter of law unless he or she produces evidence which a reasonable mind could accept as proof of the fact in issue.  If the party with the burden of production meets this standard, he or she is entitled to have the finder of fact then determine whether he or she has met the applicable burden of persuasion.

Ohlen v. Shively, 16 Va. App. 419, 424, 430 S.E.2d 559, 561 (1993) (citation omitted).  If the trier of fact is not informed of the proper standard of proof, the trier of fact cannot appropriately assess whether the party with the burden of proof has met the applicable risk of persuasion borne by that party.

The record establishes that the trial judge required of the Department a higher burden of proof than required under Code § 16.1-282.  By applying a higher burden of proof, the trial judge impermissibly increased the Department's risk of non-persuasion.  Thus, the trial judge erred in "apply[ing] the more exacting evidentiary requirement."  Gibbs v. Gibbs, 239 Va. 197, 201, 387 S.E.2d 499, 501 (1990).

Accordingly, we reverse the judgment and remand this matter to the trial judge for reconsideration pursuant to the standard announced in Padilla.

Reversed and remanded.