COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Kelsey
Argued at Chesapeake, Virginia


LINDA FAYE GREEN

MEMORANDUM OPINION[*] BY
v.      Record No. 1876-05-1      JUDGE ROBERT J. HUMPHREYS
MAY 2, 2006

HAMPTON DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Fred C. Hardwick, II (Eusner & Hardwick, P.C., on brief), for
appellant.

(Lesa J. Yeatts, Deputy City Attorney, on brief), for appellee.
Appellee submitting on brief.

Terry N. Grinnalds, Guardian *ad litem* for the minor child.


Linda Faye Green ("Green") appeals the decision of the circuit court changing the goal of

the foster care service plan for Green's child from "return to own home" to "adoption." Green

contends that the decision is not supported by a preponderance of the evidence, as required by

Code § 16.1-282, and, thus, should be reversed. For the following reasons, we disagree, and

affirm the trial court.

"In matters of a child's welfare, trial courts are vested with broad discretion in making

the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9

Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). Therefore, on appeal, we presume that the trial

court "thoroughly weighed all the evidence, considered the statutory requirements, and made its

determination based on the child's best interests." Id. at 329, 387 S.E.2d at 796. Furthermore,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"where, as here, the trial court heard the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

In this case, we are asked to review the circuit court's holding regarding a foster care service plan review conducted pursuant to Code § 16.1-282. Specifically, Green argues that the trial court erred in finding that the Department proved by a "preponderance of the evidence" that it would be in the child's best interests to change the foster care goal from "return to own home" to "adoption." See Richmond Dep't of Social Services v. Carter, 28 Va. App. 494, 496-97, 507 S.E.2d 87, 87 (1998).

Here, Green contends that the Department did not prove by a "preponderance of the evidence" that the foster care service plan for her child should be changed from "return to own home" to "adoption." Specifically, Green argues that, because she provided evidence that she "worked diligently to address her responsibilities," and because the child's needs were met while she was in Green's care, the Department failed to sustain its burden of proof. However, the record indicates that Green tested positive for cocaine and alcohol use. She admitted to using cocaine when she got "stressed out" because of her father's medical condition. She also admitted that she lives in a high drug area and that cocaine was available at any time. Green agreed that she was one month in arrears on her rent and that she was going to have another child. Although she did not know where the child's father was, she intended on seeking child support from him.[1] Also, because of her pregnancy, Green was not able to take her prescription medications for her bi-polar condition and her PTSD.

---

[1] The unborn child's father was a next-door neighbor who was also a chronic drug user. In fact, Green's child expressed some concerns about her mother's relationship with him, and this was a topic of discussion in family therapy sessions.

Clearly, staying drug and alcohol free was the most significant responsibility required of Green by the foster care plan.  Moreover, Green's pregnancy and her inability to take her medications presented a situation fraught with instability for her child.  Thus, based on this record, the trial court's factual finding that the child needed more stability than Green could provide is not plainly wrong or without evidence to support it.  Accordingly, we hold that the trial court did not clearly err in finding that the Department proved, by a preponderance of the evidence, that adoption would be in the best interest of the child, and we affirm the judgment below.

<u>Affirmed.</u>