COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Beales and Senior Judge Annunziata


JOHN WALKER-BEY

MEMORANDUM OPINION[*]

v.        Record No. 2850-08-4                                PER CURIAM
                                                             JUNE 23, 2009

FAIRFAX COUNTY
   DEPARTMENT OF FAMILY SERVICES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

(P. Gregory Bauserman, on brief), for appellant.

(David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy
County Attorney; Kimberly P. Baucom, Assistant County Attorney;
Cathleen A. Tucker, Guardian *ad litem* for the minor child, on brief),
for appellee.


John Walker-Bey, appellant, appeals the termination of his residual parental rights to his

child pursuant to Code § 16.1-283(C)(2).  He argues the trial court erred in finding that the

evidence was sufficient to prove he was unwilling or unable within a reasonable period of time to

remedy substantially the conditions which led to the placement of his child into foster care.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit.[1]

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In his question presented, appellant also contends the trial court erred by approving the
foster care service plan's goal of adoption.  "Our decision to affirm the termination order
necessarily subsumes this aspect of his appeal because a preponderance-of-the-evidence standard
governs judicial modifications of foster care plans."  Toms v. Hanover Dep't of Soc. Servs., 46
Va. App. 257, 271, 616 S.E.2d 765, 772 (2005) (citing Richmond Dep't of Soc. Servs. v. Carter,
28 Va. App. 494, 497, 507 S.E.2d 87, 88 (1998); Padilla v. Norfolk Div. of Soc. Servs., 22
Va. App. 643, 645, 472 S.E.2d 648, 649 (1996)).

Code § 16.1-283(C)(2) provides that the residual parental rights of a parent may be terminated if the trial court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Decisions to terminate parental rights under Code § 16.1-283(C)

> hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The trial court's findings, "'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)). We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. Id.

The Fairfax County Department of Family Services (DFS) presented clear and convincing evidence that it was in the best interests of the child to terminate appellant's parental rights. The child came into foster care on August 4, 2006, when he was seven years old, as a result of a relief petition filed by the child's aunt. Prior thereto, the aunt had custody of the child since 2004, after he

was removed from the custody of his mother. DFS had no information about the whereabouts of the child's father until March 2007 when appellant initiated contact with Mia Isom, the foster care social worker for the case. Appellant advised Isom that he wanted custody of the child.

Appellant had not seen or spoken with the child since May 2003 when the child was three years old. As arranged by DFS, appellant visited the child for several months until he was incarcerated in May 2007 for charges of assault and battery and eluding an officer. Upon his release in September 2007, appellant again visited the child until he was incarcerated in February 2008 for domestic assault. DFS presented evidence showing that appellant was often late for these visits, as much as forty-five minutes late for a one-hour visit.

On November 2, 2007, the juvenile and domestic relations district court ordered appellant to submit to an alcohol and drug services (ADS) assessment and follow any and all treatment recommendations, have a psychological assessment and follow all treatment recommendations, participate in the parent/child assessment, and complete a parenting class.

In addition to arranging the visitation between appellant and the child, between November 2007 and January 2008, Isom made numerous referrals for the court-ordered services for appellant. Isom testified she made three separate referrals for the ADS evaluation, which appellant never completed.

Isom also referred appellant for the psychological evaluations and a parent/child assessment with Dr. Carolyn Corbett, a licensed psychologist. In December 2007, Dr. Corbett diagnosed appellant with bipolar disorder and antisocial personality disorder. Dr. Corbett also expressed concern for appellant's aggression in his interpersonal relationships and his potential for violence, testifying that he was "extremely angry." In the parent/child assessment, Dr. Corbett found that appellant was uncomfortable in the presence of the child and he rejected the child's attempts to form an attachment. Dr. Corbett observed "significant disruption in the parent-child bond" and found

appellant "ambivalent at times" and "overtly rejecting" of the child. Dr. Corbett also found appellant was unable to parent effectively at that time and noted that appellant had arrived several hours late for his assessment. She noted that appellant had a history of drug abuse.

Dr. Corbett recommended that appellant have individual therapy, psychiatric and neuropsychological evaluations and random drug and alcohol testing, and complete parenting classes. By February 2008, several months after the assessments and when he was again incarcerated, appellant had not begun any of the recommended treatment. The facility where he was incarcerated offered alcohol and drug treatment and parenting classes. However, appellant admitted he did not participate in the parenting classes and he claimed he attended drug classes, but he failed to present proof of his attendance. In addition, appellant did not maintain contact with DFS during his incarceration.

The trial court found DFS clearly proved the requirements of Code § 16.1-283(C)(2), noting that appellant did not even know what grade the child attended in school.

Appellant complains that DFS did not offer services to him in a timely manner so that he could remedy the conditions that led to the foster care placement of the child. However, the record shows that DFS arranged for appellant to have visitation with the child and appellant was routinely and significantly late to the visits In December 2007 and January 2008, Isom referred appellant on three separate occasions for the ADS assessment, yet appellant never scheduled the evaluation, telling Isom he "forgot to call." Isom also referred appellant to Dr. Corbett for the psychological evaluations and parent child assessments, which took place in December 2007. When appellant returned to jail in February 2008, he did not attend parenting classes while incarcerated, although the classes were offered at his facility. This class appears to be particularly important to appellant's cause where Dr. Corbett observed in the parent/child evaluation a "significant disruption in the parent-child bond" and she found appellant to be "ambivalent at times" and "overtly rejecting" of

the child.  Thus, appellant did not follow through with some of the recommended services when given the opportunity to do so.

Furthermore, as appellant acknowledges, his numerous periods of incarceration are "valid and proper circumstance[s] which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the child will be served by termination." Ferguson v. Stafford Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).  Moreover, during appellant's periods of incarceration, DFS "had no avenue available to offer [him] services aimed at assisting him in regaining custody of the child." Harrison v. Tazewell County Dep't of Soc. Servs., 42 Va. App. 149, 164,  590 S.E.2d 575, 583 (2004).

"The twelve-month time limit established by Code § 16.1-283(C)(2) was designed to prevent an indeterminate state of foster care 'drift' and to encourage timeliness by the courts and social services in addressing the circumstances that resulted in the foster care placement." L.G. v. Amherst County Dep't of Soc. Servs., 41 Va. App. 51, 56, 581 S.E.2d 886, 889 (2003).  In addition to appellant being unwilling or unable within a reasonable time to remedy the circumstances resulting in the foster care placement of the child, Isom testified the child is doing well in foster care.  The foster care service plan prepared on March 17, 2008 states that the child has made progress in the home and has developed confidence in himself and his abilities.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the record supports the trial court's decision. Therefore, we summarily affirm the decision of the trial court.

Affirmed.