COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


JOSEPH COLLEGE

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2630-09-2                             PER CURIAM
                                                         JULY 20, 2010
PRINCE EDWARD COUNTY DEPARTMENT
  OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                         Joel C. Cunningham, Judge

         (James C. Bell; Blessing & Bell, on brief), for appellant.

         (Jody Holyst Fariss; H. Evans Thomas, V, Guardian *ad litem* for the
         minor child, on brief), for appellee.


         Joseph College (father) appeals the trial court's ruling approving the entrustment agreement.

Father argues that the trial court erred in approving the entrustment agreement that he signed with

the Prince Edward County Department of Social Services (the Department).  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

         We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

         Father has a child who was born in July 2001.  In July 2008, the child was admitted to

Virginia Baptist Hospital because he was considered a threat to himself or others.  The child

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

stayed in the hospital for approximately two weeks. Upon his release, father did not seek any counseling for the child.

On August 28, 2008, father signed a temporary entrustment agreement regarding the child. At the time, father said that he could no longer control the child because the child was being physically aggressive and acting out sexually. The child had stabbed his cousin with a pair of scissors and stabbed his brother with chopsticks. He also had sexually abused his sister and acted out sexually with two of his cousins. At the time of the entrustment, father was living with his girlfriend and four other children in a one-bedroom motel room. The room was filthy, and the children were dirty. When the child entered the Department's care, he was treated by a pediatrician for scabies. The child was placed in a foster care home for approximately one month, but was later moved to Bridges Treatment Center because of his physically aggressive behavior and suicidal tendencies. He remained in Bridges Treatment Center for approximately one year and then moved to a therapeutic foster home.

In October 2008, the Department filed a petition for approval of the entrustment agreement and an initial foster care plan. The Department wanted father to participate in and complete a psychological evaluation and follow through with the psychologist's recommendations. The Department also required father to obtain and maintain appropriate and clean housing. Father was required to go to parenting classes, cooperate with the Department, and regularly visit with the child. Father did not follow any of the Department's recommendations, which was why the Department sought approval of the entrustment agreement.

On November 19, 2008, the Prince Edward County Juvenile and Domestic Relations District Court (the J&DR court) approved the entrustment agreement and initial foster care plan. Father appealed to the circuit court. After hearing evidence and argument, the trial court

approved the entrustment agreement and foster care plan. The trial court entered orders regarding its rulings on November 19, 2009. Father timely noted his appeal.

ANALSYIS

Father argues that the trial court erred in approving the entrustment agreement. Father contends it is not in the child's best interests to remain in the Department's care. He testified that he would obtain counseling for the child. He asserts that he did not trust the Department and that it thwarted his efforts to contact the child. Since he is the child's father, he argues that he should have custody of the child and that the entrustment agreement should be revoked.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

"At the conclusion of the hearing, the court shall make a finding, based upon a preponderance of the evidence, whether approval of the entrustment agreement is in the best interest of the child." Code § 16.1-277.01(D). See also Richmond Dep't of Soc. Servs. v. Carter, 28 Va. App. 494, 496-97, 507 S.E.2d 87, 88 (1998) ("'proof by a preponderance of the evidence is the appropriate standard' to apply in proceedings under Code § 16.1-282" (quoting Padilla v. Norfolk Div. Of Soc. Servs., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996))).

The trial court held that "the Entrustment Agreement should be given maximum effect . . . . There is no question in the Court's mind this child has improved under the therapeutic foster care that he's received." There was evidence that once the child received the necessary counseling and mental health treatment, he began to do much better. He improved in school and became an honor roll student. His behavior improved, and he no longer required medication.

The trial court did not believe that father made the same type of improvements as the child. Father refused to cooperate with the Department and did not follow any of its recommendations. He did not participate in the psychological evaluation, and he did not visit the child while he was in the Department's custody. The trial court was unwilling to return the child to father until there was a "clear demonstration that [father] is psychologically ready; that the environment is ready, such that we have the confidence necessary to make sure that this child does not fall back into a similar situation that they were when they were living at the motel."

There was sufficient evidence to prove, based on a preponderance of the evidence, that it was the child's best interests to remain in the Department's custody. The trial court did not err in approving the entrustment agreement and the initial foster care plan.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.