COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


FREDERICK C. KLEIN

                                                          OPINION BY
v.        Record No. 0668-06-4                   JUDGE ROBERT P. FRANK
                                                        MARCH 27, 2007
KAREN N.E. KLEIN


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            Benjamin N.A. Kendrick, Judge

            Robert G. Culin, Jr. (Culin, Sharp, Autry & Day, P.L.C., on brief),
            for appellant.

            Peter D. Greenspun (Melinda L. VanLowe; Greenspun, Davis &
            Leary, P.C., on brief), for appellee.


        Frederick C. Klein, husband, appeals from an order of the Arlington County Circuit Court

granting the motion of Karen N.E. Klein, wife, to strike husband's evidence as to the basis of

calculating a management fee owed to husband under the terms of a settlement agreement.  On

appeal, husband contends that:  (1) the trial court erred in granting wife's motion to strike as

husband's evidence was sufficient to "calculate the amount due," (2) the trial court erred in

limiting the testimony of husband's witness, (3) the trial court erred in determining that the

figures provided by husband were "highly questionable" and in determining that husband did not

provide certain records to wife, and (4) the trial court erred in not offering an explanation for its

interpretation of an order entered by another court.  For the reasons stated, we dismiss husband's

appeal and remand the case to the trial court.[1]

_____

        [1] We need not recite the facts of the case since we do not address the merits of husband's
arguments.

As to his first issue, husband cited two cases for the standard of review that applies to an appellate court's review of a motion to strike the evidence. Husband then argues that the trial court applied the wrong standard in ruling on the motion to strike. Husband limits his argument only to the trial court's application of the wrong standard; husband presents no argument or authority that addresses the substantive issue of his first question presented, namely that husband presented sufficient evidence for the trial court to calculate the amount of the management fee due to husband. Further, husband did not include in his questions presented the issue of whether the trial court applied the incorrect standard in ruling on the motion to strike.

Husband asks us to find that a question presented as to the sufficiency of the evidence preserves for appeal an argument as to the trial court's application of an incorrect standard on a motion to strike. We decline to do so. Sufficiency of the evidence and the applicable standard for evaluating the evidence, while interrelated, are wholly separate concepts under our law. See United States v. Alerre, 430 F.3d 681, 691 (4th Cir. 2005) (considering appellant's argument that his guilty verdict must be set aside because the trial court referred to an erroneous standard of proof, despite the fact that appellant conceded the sufficiency of the evidence), cert. denied, 126 S. Ct. 1925 (2006).

The standard for reviewing a plaintiff's evidence on a motion to strike evaluates whether plaintiff has made a *prima facie* case; that is, accepting plaintiff's evidence as true and granting to it all reasonable inferences that can be derived therefrom, the trial court must determine whether it is "'conclusively apparent that plaintiff has proven no cause of action against defendant.'" Williams v. Vaughan, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973) (quoting Leath v. Richmond, Fredericksburg & Potomac R.R. Co., 162 Va. 705, 710, 174 S.E. 678, 680 (1934)). Sufficiency of the evidence refers to whether the evidence presented by a party meets this particular standard. Thus, the standard of review on a motion to strike is the yardstick by

which the sufficiency of the evidence is measured.  See Richmond Dep't of Soc. Servs. v. Carter, 28 Va. App. 494, 497-98, 507 S.E.2d 87, 88 (1998) ("If the trier of fact is not informed of the proper standard of proof, the trier of fact cannot appropriately assess whether the party with the burden of proof has met the applicable risk of persuasion borne by that party.").

Where, as here, husband alleges error in the trial court's finding of sufficiency in his question presented, but argues only the trial court's application of the incorrect standard by which to measure sufficiency on a motion to strike, husband has not preserved either argument for appeal.

Husband's argument as to the incorrect standard was not included in husband's questions presented; thus, we will not consider it on appeal.  Rule 5A:20; Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding that "an issue [was] not *expressly* stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal" (emphasis added)).  Further, husband provides no argument or authority to support his contention that the evidence he presented was sufficient to survive wife's motion to strike.  "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Rule 5A:20(e) bars us from addressing any issues unsupported by authority.  Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926 (2006) (*en banc*), aff'd, ___ Va. ___, ___ S.E.2d ___ (Mar. 2, 2007).

Regarding the remaining three questions presented, husband cites no cases to support his arguments.[2]  By failing to cite any authority in support of these arguments in his brief, husband

_____

[2] Husband also argues that the trial court should recuse itself from hearing this matter on remand, "as the record below raises questions as to whether [the trial court] is able to provide [husband] with an impartial hearing in this matter."  Husband cites no authority for this

has violated the provisions of Rule 5A:20(e). See Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Therefore, we do not address the merits of the issues raised by husband on appeal. See Epps, 47 Va. App. at 718, 626 S.E.2d at 926.

Husband also seeks an award of his appellate attorneys' fees and costs. However, he offers no reason to require wife to pay any of his appellate expenses. Because nothing in the record indicates wife "generated unnecessary delay or expense in pursuit of [her] interests" in defending this appeal, Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny husband's request for appellate attorneys' fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Wife requests an award of her appellate attorneys' fees and costs. As husband's case on appeal lacks merit, we grant wife's request for attorneys' fees and costs. Miller v. Cox, 44 Va. App. 674, 688-89, 607 S.E.2d 126, 133 (2005) (holding that when the appellate court determines that an appeal lacks merit, the case is remanded to the trial court to award reasonable attorneys' fees incurred while defending the appeal). Accordingly, we remand this case to the trial court for it to determine and enter an appropriate award of appellate attorneys' fees and costs in favor of wife.

Dismissed and remanded.

---

proposition, nor did he include the matter in his questions presented. As such, we will not consider it on appeal. Rule 5A:20.