COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


CAREY DEAN ROBERTS

                                                        MEMORANDUM OPINION[*] BY
v.       Record No. 2941-06-1                     JUDGE RANDOLPH A. BEALES
                                                           DECEMBER 27, 2007

DEBORA B. ROBERTS


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

Melinda F. Seemar (Stallings & Bischoff, P.C., on brief), for
appellant.

Jon C. Poulson (Poulson, Northam & Lewis, PLC, on brief), for
appellee.


Carey Dean Roberts (husband) and Debora B. Roberts (wife) were married in 1980.

Husband left the marital home in 2004.  Over a year later, wife filed a bill of complaint, alleging

cruelty and desertion.  The trial court granted the divorce to wife, based on the parties having

lived separate and apart for over one year.  The trial court awarded approximately 95% of the

marital estate to wife and approximately 5% to husband.[1]  Husband appeals, presenting four

issues for review by this Court.  After reviewing the record and the argument, we affirm the trial

court's award.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At oral argument, husband's counsel conceded that she perhaps made a mathematical
error when she argued on brief that wife received 99.4% of the marital estate.

ANALYSIS[2]

Husband asked this Court to consider four Questions Presented. His second and third

questions presented[3] are not really even discussed in the Amended Brief of Appellant. Therefore, in

accordance with Rule 5A:20(e), we will not consider these questions on appeal. Klein v. Klein, 49

Va. App. 478, 482, 642 S.E.2d 313, 315-16 (2007) (discussing the failure to comply with Rule

5A:20(e)).

Husband's first and fourth questions presented both argue that the trial court erred in

awarding the bulk of the marital estate to wife. Husband first argues that the trial court abused its

discretion when it awarded most of the marital property to wife. Husband also argues that most of

that property was not acquired in the last ten years of the marriage, as the court found when it

announced its decision. As these arguments make essentially the same point, that equitable

distribution was unfair to husband, we consider these questions together.

> "Under familiar principles we view [the] evidence and all
> reasonable inferences in the light most favorable to the prevailing
> party below. Where, as here, the court hears the evidence ore
> tenus, its finding is entitled to great weight and will not be
> disturbed on appeal unless plainly wrong or without evidence to
> support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244,
> 372 S.E.2d 630, 631 (1988).

Hatloy v. Hatloy, 41 Va. App. 667, 671-72, 588 S.E.2d 389, 391 (2003) (brackets in original).

The court in reviewing the testimony found that husband did not have "one single witness to

corroborate one single thing that he has said . . . and [wife's] evidence is corroborated, is logical,

---

[2] As this opinion is not designated for publication, and the parties are fully familiar with the facts, we incorporate the relevant facts into this discussion.

[3] The second question presented was "Did the trial court abuse its discretion and/or rely on insufficient information when it applied the facts to the statutory factors in Va. Code Ann. Section 20-107.3." The third question presented was "Did the trial court abuse its discretion and/or rely on insufficient evidence and inappropriately punish appellant instead of showing any alleged fault had an economic impact on the marriage."

and makes sense." The trial judge also noted that the case was "the most remarkable case" presented to him in "many, many years."

The court found husband made only negative contributions to the marriage, especially during the last ten years that the parties lived together. Going through the Code § 20-107.3 factors, the court noted husband's monetary and nonmonetary contributions to the family were "negative." The court found that both the positive monetary and positive nonmonetary contributions "flowed from [wife] almost without fail." The evidence supports these findings. Husband had essentially no income during the last ten years of the marriage, did virtually nothing to help with the work around the house, took no financial responsibility, and depleted the marital estate. His behavior on several occasions endangered the financial stability of the family either by creating debt, by depleting resources available to the family, or by creating situations that could have cost wife her job. Wife, on the other hand, continued to work for a financial institution throughout the marriage, obtaining a mortgage to purchase the marital home only because of her position and her conscientious effort to keep the family solvent.

Husband's behavior affected the marital estate, just as the husband's did in Budnick v. Budnick, 42 Va. App. 823, 833-39, 595 S.E.2d 50, 55-58 (2004), in which the trial court awarded 90% of the marital assets to the wife. Here, wife protected and grew the marital assets for ten years, despite husband's reckless spending, irresponsible behavior, and disregard of his wife.

The trial court did not err when it determined that the parties acquired most of their assets during those last ten years. The major asset was the home. The parties had approximately $30,000 in equity in the house when they purchased it in 1996. At the time of the divorce, the equity in the home was about $350,000. All of that value was acquired in the last ten to eleven years of the marriage. Wife's efforts allowed them to continue to live in the house and to acquire

- 3 -

that equity, despite husband's behavior.  In addition, over a third of wife's pension, the only

other significant asset, was acquired during the last ten years of the marriage.

> [U]nless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the equitable distribution award will not be reversed on appeal.

Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990); see also Theismann v.

Theismann, 22 Va. App. 557, 570, 471 S.E.2d 809, 815, aff'd en banc, 23 Va. App. 697, 479

S.E.2d 534 (1996) (citing Blank).  We find the evidence supported the trial court's decision to

award wife the great majority of the marital estate.

CONCLUSION

We find that, given the underlying facts of this case, the trial court did not abuse its

discretion in awarding approximately 95% of the marital estate to wife, and we affirm that

award.

Affirmed.