COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

WILLIAM D. COALSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2022-14-2                      CHIEF JUDGE GLEN A. HUFF
                                                    JULY 21, 2015

MARYLYNN COALSON


FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

(Douglas E. Weatherly, on brief), for appellant.[1]  Appellant
submitting on brief.

Brandy M. Poss (The DeFazio Law Firm, P.C., on brief), for
appellee.


       William D. Coalson ("appellant") appeals an order of the Hanover County Circuit Court

("trial court") granting Marylynn Coalson's ("appellee") motion to strike appellant's evidence on

a motion to terminate spousal support.  On appeal, appellant raises two assignments of error:

                1.  The [t]rial [c]ourt erred by granting . . . [a]ppellee's motion to
                    strike dismissing [a]ppellant's case contrary to [a]ppellant's
                    evidence proving that . . . [a]ppellee had been cohabiting in a
                    relationship analogous to marriage for over one year.

                2.  The [t]rial [c]ourt erred in its interpretation and definition of
                    how current case law defines cohabitation, financial support,
                    and a relationship analogous to marriage.

Responding, appellee asks this Court to award her attorneys' fees and costs incurred in defending

this appeal.  For the following reasons, this Court affirms the trial court's ruling.

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] For reasons unknown to this Court, appellant waived oral argument, thereby foregoing
an opportunity to elaborate beyond the brief and answer questions of the Court.

## I. BACKGROUND

When reviewing "a trial court's decision to strike a plaintiff's evidence" on appeal, this Court "view[s] the evidence in the light most favorable to the plaintiff.'" Volpe v. City of Lexington, 281 Va. 630, 639, 708 S.E.2d 824, 828 (2011) (quoting TB Venture, LLC v. Arlington Cnty., 280 Va. 558, 562-63, 701 S.E.2d 791, 793 (2010)).  So viewed, the evidence is as follows.

The parties were married in July 1987.  The parties separated with the intent to remain permanently apart in January 2010, and a final decree of divorce was ordered on September 22, 2011.  By reference, the final order incorporated the terms of the parties' separation agreement, which required that appellant pay appellee $4,300 per month in spousal support.  The agreement additionally provided that this spousal support would terminate "upon clear and convincing evidence that the spouse receiving support has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more . . . ."

Appellee began dating Roger Aliff ("Aliff") in 2010.  Appellee described their relationship as "exclusive" and admitted that she and Aliff were "sexually active."  Appellee testified that Aliff spends, on average, "four to five nights a week" with her.  Notwithstanding, appellee asserted that Aliff lives with his son and another roommate in Aylett, Virginia.  She testified that Aliff keeps "[s]ome clothes, shoes," and "hygiene products" at her house while he is there.  Moreover, Aliff stores "ten boxes" of personal items in appellee's garage.

Around the house, appellee testified that Aliff sometimes takes out the trash, vacuums, cooks, washes the dishes, and mows the lawn with his lawnmower that he stores at her house.  Moreover, appellee testified that she does his laundry when he is there.  Furthermore, appellee testified that she and Aliff frequently go grocery shopping together, and Aliff "[o]ften times" would pay the bill.  For a period of time, Aliff primarily drove a truck that belonged to one of

appellee's sons because his vehicle needed mechanical work. Before the work could be done, Aliff's vehicle was parked at appellee's house.

Socially, appellee and Aliff go on vacations together "[o]nce or twice a year," visit each other's family, and go out "to dinner . . . once or twice a week." On dates, Aliff "almost always" pays the bill. Aliff also spent Christmas and Thanksgiving with appellee and her children.

In October 2012, after suspecting that Aliff was living with appellee, appellant hired David Long ("Long"), a private investigator, to gather further information. Long conducted surveillance once per month from October 2012 to May 2014. Sometimes, Long would arrive at appellee's home between 9:30 and 10:00 p.m. and stay until 3:30 to 4:00 a.m.; other times he would arrive around 3:30 to 4:00 a.m. Aliff was at appellee's home every time Long conducted surveillance. On one occasion, Long observed Aliff exiting the residence in the morning, retrieving something from his vehicle, and returning inside. Long never observed Aliff carrying any bags or luggage with him.

At the close of appellant's evidence, appellee moved to strike the evidence on the ground that it failed to demonstrate that appellee was cohabiting with Aliff in a relationship analogous to marriage. Specifically, appellee contended that "there is no evidence that there is one residence that [appellee and Aliff] share." The trial court granted appellee's motion to strike. This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that the trial court erred by granting appellee's motion to strike appellant's evidence. Specifically, in two assignments of error, appellant argues that the trial court erred by determining appellant's evidence was insufficient to survive a motion to strike and "in its interpretation . . . of how current case law defines cohabitation, financial support, and a relationship analogous to marriage."

A. Procedural Issues

As an initial matter, however, appellee argues that the current appeal is procedurally barred by Rules 5A:18 and 5A:20.

1. Rule 5A:18

Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)).

"Under settled principles, the 'same argument must have been raised, with specificity, at trial before it can be considered on appeal.'" Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) (quoting Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004)). "'Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.'" Id. (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*)).

In the present case, appellee contends that Rule 5A:18 bars this Court from considering appellant's first assignment of error. Specifically, appellee asserts that "[appellant] never argued at the trial level of this matter that the [trial] court erred by granting [appellee's] motion to strike." Continuing, appellee asserts that "none of the objections noted on the [trial court's final

- 4 -

o]rder raised the issue of the trial court's decision to grant [appellee's] motion to strike or the court's finding regarding cohabitation."[2]

Code § 8.01-384, however, provides that

> [f]ormal exceptions to rulings or orders of the court shall be unnecessary . . . . [I]t shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor.

In the present case, when discussing appellee's motion to strike, appellant argued to the trial court that it should deny appellee's motion to strike because appellee and Aliff "shar[ed] one residence" and had "an intimate, romantic" relationship. Additionally, appellant pointed to the facts that Aliff "has a key," "has . . . a section in the closet for his clothes and shoes," "buys groceries," "vacuums, . . . does dishes, . . . cooks, . . . pays for meals," and "does chores." In concluding, appellant argued that appellee's motion to strike should be denied because appellee was trying to "get around [Code § 20-109 by] say[ing] it's not . . . cohabit[ation] – or it's not a relationship analogous to marriage . . . ."

Accordingly, because appellant made known the action that he desired the trial court to take and the reasons therefor, the issue is preserved for appeal under Code § 8.01-384 despite the lack of a formal objection.

---

[2] Specifically, appellant's noted objections in the final order were 1) "[p]ursuant to the [c]ourts [sic] review of current case law to include Pellegrin v. Pellegrin[,] 31 Va. App. 753, [appellee] admitted to a relationship analogous to marriage in which several defining traits were admitted by her in her own testimony," 2) "the [c]ourt found that [appellee's] significant other did not financially contribute or support the household in any way," and 3) "the court found that [appellee] and her boyfriend did not hold themselves out to the community as a couple." Appellee argues that because none of these specifically object to the trial court's decision to grant the motion to strike, the issue was not preserved for appeal.

2.  Rule 5A:20

Next, appellee contends that this Court should dismiss the appeal under Rule 5A:20. Specifically, appellee asserts that the case should be dismissed because 1) the references to where appellant's assignments of error were preserved do not point to where appellant preserved his arguments below, 2) "numerous assertions" in appellant's background section "are not supported with references to the pages of the" joint appendix, 3) appellant's brief does not contain a standard of review section, 4) the argument section of the brief is not organized in accordance with the assignments of error, and 5) the citations in appellant's table of authorities "are missing the year of the case."

Rule 5A:20(e) requires that appellant's opening brief include the "principles of law, the argument, and the authorities relating to each assignment of error." "'[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals *may* . . . treat a question presented [now assignment of error] as waived.'" Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (emphasis added) (quoting Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008)).  Notwithstanding, Rule 5A:20 is not "jurisdictional." Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) (noting that to hold that Rule 5A:20(e) was jurisdictional "would mean that, if an appellant did not list cases alphabetically in the table of citations as required by Rule 5A:20(a), dismissal of the appeal would be mandated as a jurisdictional matter").

Indeed, the Supreme Court has noted that this Court "should . . . consider whether any failure to strictly adhere to the requirements of Rule 5A:20(e) is insignificant, thus allowing [this C]ourt to address the merits of a question presented [now assignment of error]." Id. Furthermore, this Court has similarly noted that because Rule 5A:20 is not jurisdictional, its "'invocation . . . to dismiss an appeal, or to prevent consideration of its merits, should not be

undertaken without considering whether a party's failure to adhere strictly to the rule's requirements is insignificant, or so substantial as to preclude the court's addressing the merits of the case.'" Moncrief v. Div. of Child Support Enforcement ex rel. Joyner, 60 Va. App. 721, 731, 732 S.E.2d 714, 719 (2012) (quoting Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 154 (2008)).

In the present case, although appellee correctly notes that appellant's brief fails to comply with several requirements of Rule 5A:20,[3] these failures are insignificant and, therefore, do not prevent this Court from considering the merits of the appeal. Accordingly, this Court will address appellant's arguments.

B. Merits

Turning to the merits of the appeal,[4] this Court notes that when ruling on a motion to strike at the end of a plaintiff's case-in-chief, a trial court must "evaluate[] whether [the] plaintiff has made a *prima facie* case." Klein v. Klein, 49 Va. App. 478, 481, 642 S.E.2d 313, 315 (2007). In so doing,

---

[3] Specifically, Rule 5A:20(c) requires that the opening brief's assignments of error contain "exact references to the page(s) of the transcript . . . where each assignment of error was preserved in the trial court." Appellant's references are two pages off. Similarly, Rule 5A:20(d) requires that the statement of facts include "references to the pages of the transcript . . . ." Although there are some sentences in the background section of the opening brief that do not contain citations to the record, the vast majority of his background section does contain appropriate citations. Rule 5A:20(e) requires that the opening brief contain "[t]he standard of review and the argument . . . relating to each assignment of error." While appellant's opening brief does not include a standard of review section, it appropriately cites to Pellegrin v. Pellegrin, 31 Va. App. 753, 525 S.E.2d 611 (2000), throughout his argument. Additionally, the opening brief's single argument section appropriately addresses both of the assignments of error. Finally, Rule 5A:20(a) requires the citations in the "table of authorities" to "include the year thereof." While the table of authorities in appellant's opening brief does not include the year for each citation, this error is not so substantial as to prevent this Court from addressing the arguments on appeal.

[4] As appellant presents one argument that encompasses both assignments of error in his opening brief, this Court will also address both assignments of error in one analysis.

the trial court [must] accept as true all the evidence favorable to the plaintiff as well as any reasonable inference a [fact finder] might draw therefrom which would sustain the plaintiff's cause of action. The trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense.

Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997); see also Claycomb v. Didawick, 256 Va. 332, 335, 505 S.E.2d 202, 204 (1998) (noting that this standard is the same in jury and bench trials).

Furthermore, "the trial court should in every case [deny] the motion where there is any doubt on the question . . . . 'The . . . motion . . . should be [granted] only [in] those cases in which it is conclusively apparent that [the] plaintiff has proven no cause of action against [the] defendant.'" Brown v. Koulizakis, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985) (quoting Leath v. Richmond, Fredericksburg & Potomac R.R. Co., 162 Va. 705, 710, 174 S.E. 678, 680 (1934)). Indeed, as the "[s]ufficiency of the evidence refers to whether the evidence presented by a party meets this particular standard . . . the standard of review on a motion to strike is the yardstick by which the sufficiency of the evidence is measured." Klein, 49 Va. App. at 481, 642 S.E.2d at 315 (citing Richmond Dep't of Soc. Servs. v. Carter, 28 Va. App. 494, 497-98, 507 S.E.2d 87, 88 (1998)).

In the present case, appellant sought to terminate spousal support under the parties' property settlement agreement, which provided that appellee's spousal support would be terminated "upon clear and convincing evidence that the spouse receiving support has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more . . . ." In Frey v. Frey, 14 Va. App. 270, 275, 416 S.E.2d 40, 43 (1992), this Court interpreted the phrase "cohabitation, analogous to a marriage" contained in a property settlement agreement and incorporated by reference into a final divorce decree. This Court held that the

phrase "means a status in which a man and woman live together continuously, or with some permanency, mutually assuming duties and obligations normally attendant with a marital relationship." Id. Moreover, as the Supreme Court has stated, "the term 'cohabit' means 'to live together in the same house as married persons live together, or in the manner of husband and wife.'" Schweider v. Schweider, 243 Va. 245, 248, 415 S.E.2d 135, 137 (1992) (quoting Johnson v. Commonwealth, 152 Va. 956, 970, 146 S.E. 289, 291 (1929)).

This Court has delineated four factors to utilize when determining whether one party to a property settlement agreement has proved that the other party has "cohabited": (1) a "common residence"; (2) "[i]ntimate or romantic involvement"; (3) "[t]he provision of financial support"; and (4) the "[d]uration and continuity of the relationship and other indicia of permanency." Pellegrin v. Pellegrin, 31 Va. App. 753, 764-66, 525 S.E.2d 611, 616-17 (2000). "[I]t is within the province of the trial court to determine what weight to accord each of the factors relevant to the matter presented." Id. at 766, 525 S.E.2d at 617. Notwithstanding, "[t]he requirement that the payee ex-spouse and that party's paramour be shown to have . . . a common residence is firmly established in Virginia case law." Id. at 764, 525 S.E.2d at 616. Indeed, "if two individuals do not share a common residence, they are not cohabiting." Cranwell v. Cranwell, 59 Va. App. 155, 162, 717 S.E.2d 797, 800 (2011) (While "proof of a common . . . residence does not itself establish cohabitation," it is nevertheless a "requirement for cohabitation.").

"Under [the above] framework," therefore, "a court seeking to determine whether a couple is cohabiting in a situation analogous to marriage must ask, first, whether the couple has 'established and shared a common residence.'" Id. at 163, 717 S.E.2d at 801 (quoting Pellegrin, 31 Va. App. at 764, 525 S.E.2d at 616). Second, "it must ask . . . whether evidence pertaining to the other factors listed in Pellegrin demonstrate that the couple is indeed cohabiting in a situation analogous to marriage, i.e., 'living together continuously, or with some permanency, mutually

assuming duties and obligations normally attendant with a marital relationship.'" Id. (quoting Frey, 14 Va. App. at 275, 416 S.E.2d at 43).

In the present case, this Court affirms the trial court's ruling because the evidence failed to establish that appellee and Aliff shared a common residence. The evidence, when viewed in the light most favorable to appellant, demonstrated that the appellee and Aliff were romantically involved in an exclusive relationship, that they attended family functions and vacationed together, and that Aliff was frequently an overnight guest at appellee's residence. This evidence, however, fails to demonstrate that Aliff and appellee shared a common residence. Indeed, appellee specifically testified that Aliff lives with his son and another roommate. Notably, there is no evidence that Aliff stayed at the residence while appellee was away. Additionally, there is no evidence that Aliff left any personal items necessary for daily living, such as toiletries, at appellee's residence except for when he was spending the night. See Cranwell, 59 Va. App. at 164, 717 S.E.2d at 801 (holding that there was no common residence in part because the absence of toiletries and other personal items necessary for daily living demonstrated that they were "set up for visits but not for living"). Simply because Aliff did chores around the house and has a key does not, even when viewed in the light most favorable to appellant, establish that appellee's house was Aliff's primary residence.[5]

Accordingly, this Court holds that the trial court did not err by granting appellee's motion to strike.

### C. Attorneys' Fees and Costs

Appellee asks that this Court award her attorneys' fees and costs incurred by defending this appeal. The key to determining a "proper award of [attorney's] fees is reasonableness under

---

[5] As the evidence was insufficient to establish the threshold requirement that Aliff and appellee shared a common residence, this Court need not address whether they were in a relationship analogous to marriage. Pellegrin, 31 Va. App. at 764, 525 S.E.2d at 616.

all the circumstances." <u>Joynes v. Payne</u>, 36 Va. App. 401, 429, 551 S.E.2d 10, 29 (2001).  After

considering the circumstances of this case, this Court denies appellee's request for attorneys'

fees.

III.  CONCLUSION

Based on the foregoing, this Court affirms the trial court's ruling.

<u>Affirmed.</u>