COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Ortiz and Chaney
Argued at Fairfax, Virginia

UNPUBLISHED

BRANDON LEE TEDDER

MEMORANDUM OPINION[*] BY
v.       Record No. 1451-24-4          JUDGE VERNIDA R. CHANEY
JANUARY 27, 2026

KRISTEN MARIA BARNETT

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Douglas L. Fleming, Jr., Judge

Dusty Sparrow Reed (Sparrow Reed PLLC, on briefs), for appellant.

John C. Whitbeck, Jr. (WhitbeckBeglis, P.C., on brief), for appellee.


Brandon Lee Tedder (father) appeals the circuit court's orders granting Kristen Maria

Barnett's (mother) motion to strike the evidence on his motion to modify custody and visitation.

On appeal, father argues that the court erred in granting mother's motion to strike by applying

the wrong evidentiary standard and failing to consider mother's alleged admissions to material

changes of circumstance. He also contends that the court abused its discretion by denying his

motions to suspend and reconsider, as well as its rulings on attorney fees.

Our review of the record reveals that the circuit court did not err in finding no material

change in circumstances and did not abuse its discretion. Accordingly, this Court affirms the

circuit court's judgment.

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

BACKGROUND[1]

Mother and father are the parents of two minor children. They divorced in 2016, after four years of marriage. Their divorce decree incorporated a marital settlement agreement that gave primary physical custody of the children to mother and visitation rights to father. The divorce decree provided that the parties agreed that the court reserved jurisdiction and authority to award attorney fees in enforcement or modification proceedings.

In 2017, father filed a motion seeking to modify the custody arrangement. In 2018, following a hearing, the circuit court entered an order maintaining mother as the sole legal and primary physical custodian of the children. The court also increased father's periods of visitation. In its order, the court states that it found "a material change of circumstances" and that it recited its finding in support thereof from the bench. No transcript of that hearing memorializes the court's reasoning, but its order states that "[t]here shall be no harassing or derisive contact between the parties" and found "that the father did harass and annoy the mother by the nature of his communications."

Due to the distance between the parties' residences, father's commute to see the children during his visitation was "[o]n an amazing day . . . an hour" but "[o]n days where there is more traffic, rush hour times, it could be an hour and a half to two hours[.]" In January 2020, father moved to Chantilly, which was only about 20 minutes from mother's home. After relocating to Chantilly, the parties maintained a friendly relationship, freely swapped custodial days, and accommodated each other's schedules. In fall 2022, father moved to Arcola. From there, the father's drive to mother's house was "[s]ometimes three minutes, sometimes five, depending on

---

[1] "[W]hen the [circuit] court grants a motion to strike the plaintiff's evidence, [appellate courts] review the evidence on appeal in the light most favorable to the plaintiff." *Green v. Ingram*, 269 Va. 281, 284 (2005); *see also Barnes v. Barnes*, 64 Va. App. 22, 28 (2014) (considering "evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff whose evidence was struck" in a material change in circumstances case).

if [he] hit lights." Despite their proximity, mother often would deny father's requests for additional periods of visitation.

In April 2023, father filed for joint legal and primary physical custody and moved to modify child support. In support of his motion to modify custody, father cited five material changes in circumstances:

1. "The parties now live only 1.4 miles apart."

2. "The children are asking for more time with the [f]ather."

3. "The summer schedule is based on the calendar of a school the children will not attend."

4. "The children's living conditions at [m]other's have declined."

5. "The children are having physical symptoms that indicate unmet mental health needs."

Following father's motions, mother reduced communications with him. As a result, father had difficulty obtaining information from her about the children's school, activities, and health, and the parties disagreed over treatment options for the children's ailments. A few months before the trial, mother agreed to provide father with an additional visitation day.

In April 2024, the circuit court held a two-day trial. In support of his motion, father testified about his relocation closer to the children and the fact that the children no longer attend the local public school. After father rested his case, mother moved to strike his evidence.

After considering the arguments, the court granted mother's motion to strike. As to father's first cited material change of circumstance, the court rejected father's relocation as a material change in circumstance. The circuit court acknowledged that the move was "a change in circumstance," but not a material one, noting "there's enough evidence in this case[] that Ms. Barnett and Mr. Tedder . . . still have some work to do in their communication on child issues."

As for father's argument that the children were requesting more time with him, the court found that "[t]here's no evidence of that." Likewise, the circuit court found "no evidence" that the "children[']s[] living circumstances have declined." And again, the circuit court found that "[t]here's no evidence of unmet mental health needs."

Addressing father's claim that the children's enrollment in a new school constituted a material change of circumstance, the court found that father proved that "[t]he summer schedule is based on the calendar of a school the children will not attend." However, the court reasoned that "[j]ust because the calendar for summer and even holiday visitation is based on a school that the children no longer attend, does not ipso facto make it a material change in circumstances." The court noted that "[n]obody even put any evidence on that [the school calendars are] different."

The court also denied both parties' initial requests for attorney fees, finding that father had substantially prevailed on "three or four" pretrial matters, while mother prevailed on her motion to strike.

The court's custody and support modification orders were not entered until months later, on August 2, 2024. Mother argued that the delays were attributable to father and moved for entry of the order and attorney fees. She sought and was awarded $995 in attorney fees for expenses incurred to obtain the orders.

Shortly thereafter, father moved to suspend the final order and noted his intent to file a motion to reconsider. Twenty-one days after entry of the final order, the circuit court denied the motion to suspend the final order and declined to hear the motion to reconsider, which father had filed that day.

ANALYSIS

Father appeals the circuit court's orders granting mother's motion to strike, denying his motion to suspend and motion for reconsideration, and allocating attorney fees. He assigns seven errors to these orders. The first three errors involve claims that the circuit court employed the wrong evidentiary standard and failed to consider mother's admission to a material change in circumstances in granting her motion to strike. The next two errors involve claims that the circuit court "ran out the clock" on his motions to suspend and reconsider, and deprived father of appellate review. Finally, father argues that the facts and procedural circumstances combined to render the circuit court's attorney fee award an abuse of discretion.

## I. Motion to Strike

"A motion to strike is in effect a motion for summary judgment which is not to be granted if any material fact is genuinely in dispute." *Costner v. Lackey*, 223 Va. 377, 381 (1982). When considering a motion to strike the plaintiff's evidence, a court "is required to resolve any reasonable doubt as to the sufficiency of the evidence in favor of the plaintiff." *Id.* A circuit court "is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense." *Green v. Ingram*, 269 Va. 281, 290 (2005) (quoting *Upper Occoquan Sewage Auth. v. Blake Constr. Co.*, 266 Va. 582, 590 n.6 (2003)). Rather, the inquiry is merely "whether the evidence presented by a party meets [a] particular standard." *Klein v. Klein*, 49 Va. App. 478, 481 (2007).

The "particular standard," for a motion to modify custody requires the moving party to establish "(1) a material change in circumstances since the prior decree; and, (2) that

[modification] would be in the children's best interests."[2] *Wheeler v. Wheeler*, 42 Va. App. 282, 288 (2004). A "material change in circumstances" is "broad enough to include changes involving the children themselves such as their maturity, their special educational needs, and any of a myriad of changes that might exist as to them." *Keel v. Keel*, 225 Va. 606, 612 (1983). Whether a material change of circumstance exists is a factual finding, which an appellate court will not disturb unless it is plainly wrong or without evidentiary support. *Moyer v. Moyer*, 206 Va. 899, 904 (1966).

As a starting point, father premises his first assignment on the circuit court's announcement that "pleadings frame the issues" and that mother's admission to a material change "remov[ed] these material changes as a matter in controversy." Father argues that in her responsive pleading, mother admitted that father's move and the children's school change were "true and material changes in circumstances, thereby removing these changes as a matter in controversy." However, the record does not support father's characterization. Mother's answer pleading states that, "[t]he allegations in paragraph 4 are admitted to the extent that there has been a material change in circumstances." In 4(a), mother admitted "[t]he parties now live only 1.4 miles apart" and in 4(c) she admitted in part and denied in part "[t]he summer schedule is based on a calendar of a school the children will not attend." However, mother qualified her statements "to the extent that there has been a material change in circumstances" and did not expressly admit that material changes in circumstances occurred. Therefore, her qualified statements do not concede that any change was material, nor do they resolve the controversy.

Next, father argues the circuit court failed to view the evidence in the light most favorable to him and instead judged the weight and credibility of his evidence and made

---

[2] Father was styled as the defendant below, but he is in the position of plaintiff here, as he moved to modify custody and visitation, and mother moved to strike *his* evidence. Thus, the evidence is viewed in the light most favorable to him. *Costner*, 223 Va. at 381.

inferences favorable to mother. Despite father's claim, the record shows otherwise. In making its ruling, the court began by expressly stating, "The standard on a motion to strike is the court must consider the evidence adduced at this point in the light most favorable to the moving party," then identified "Mr. Tedder" as "the moving party." While father moved to modify custody and visitation, mother moved to strike his evidence. Thus, the court applied the correct evidentiary standard by reviewing the evidence in the light most favorable to father. *See, e.g.*, *Tahboub v. Thiagarajah*, 298 Va. 366, 371 (2020) ("[W]e review 'the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the plaintiff' when reviewing a motion to strike at the conclusion of the plaintiff's case-in-chief." (quoting *Artrip v. E.E. Berry Equip. Co.*, 240 Va. 354, 357 (1990))). Further, the circuit court "found him very credible when he said [he] was going to move close to my children no matter what." The record thus does not demonstrate that the court misapplied the light-most-favorable standard, made credibility determinations adverse to father, or made inferences favorable to mother.

Father contends it was error for the court to find no material change in circumstance because father "introduced no evidence" of the prior court's findings. He argues that the evidence of mother's admission that his move was a material change in circumstance and his testimony as to his living and commute circumstances were sufficient to inform the court of the circumstances at the time the prior court entered its order.

Again, father overstates mother's admission, as she did not admit to any material change of circumstance in her responsive pleading. Nevertheless, father wanted the court to accept as evidence a statement made in his motion to modify, asserting that the earlier court increased his

visitation periods because of the distance between the parties' residences.[3]  Relying on *O'Connor v. Shea*, No. 1157-19-4, 2020 Va. App. LEXIS 73 (Mar. 17, 2020), father argues that the court "erred in insisting that it needed a form of written findings."

Modification of custody is warranted where there has been a material change in circumstance since the entry of the prior order.  *Keel*, 225 Va. at 612.  The 2018 modification of custody order contained findings as to the circumstances as they existed at the time it was entered, thus, the 2018 modification of custody order provided the baseline for the circuit court to evaluate whether there had been a material change in circumstance.  The court was not required to accept additional evidence as to the circumstances of the prior order, as it is well established that a court speaks through its written orders.  *Kosko v. Ramser*, 299 Va. 684, 689 (2021).  When no prior order exists, our caselaw allows courts to consider evidence of the prior circumstances to determine whether there was a material change in circumstance.  This was the case in *O'Connor*, where there was only a property settlement agreement, but no prior order to serve as the court's baseline.  Here, in contrast, the court considered the 2018 modification of custody order, which found that father "did harass and annoy . . . mother by the nature of his communications" and that mother "did deny the father's custodial time on July 15, 2017 in violation of the [c]ustody [o]rder.[4]  Although not required to do so, the court further considered

---

[3] In paragraph 3(b) of his motion to modify, father stated, "Father was awarded expanded visitation over [m]other's objection where in its oral ruling, the [c]ourt found that [f]ather should have more time with the children, noting that the distance between the parties' residences created logistical issues.  Father's court-ordered time amounts to just over 90 days in a given calendar year."

[4] Father relies on our unpublished decision in *O'Connor v. Shea*, No. 1157-19-4, 2020 Va. App. LEXIS 73 (Mar. 17, 2020), to argue that the circuit court erred in failing to consider the evidence before it to determine the basis for the prior custody award.  His reliance on *O'Connor* is misplaced.  In *O'Connor*, husband sought to reduce his monthly spousal support payment based on a material change in circumstances; however, because the amount of support was based on a settlement agreement, there was no testimony or factual findings on which the circuit court could rely to determine the circumstances at the time of the initial award.  *Id.*, slip op. at 14, 2020

father's testimony before it, which it expressly deemed credible. Thus, the record establishes that the circuit court considered all of the evidence before it to glean the circumstances at the time the 2018 order was entered, and it did not, as father contends, insist on a "form of written findings" from the prior court.[5]

On this record, we cannot conclude that the circuit court's ruling is plainly wrong. In *Keel*, the Supreme Court of Virginia emphasized that the threshold question is whether the change is significant to the children's welfare or the custody arrangement. 225 Va. at 612. Considering the *Keel* standard, the evidence supports the circuit court's determination that father's change in residence—despite its proximity to the children—was not material to the original custody award. To determine whether father's evidence met the "particular standard," *Klein*, 49 Va. App. at 481, the circuit court was required to make factual determinations as to whether father established a material change in circumstance. *Wheeler*, 42 Va. App. at 288.

The circuit court considered the evidence before it and found that father had not presented sufficient evidence to establish a material change in circumstance to justify awarding

Va. App. LEXIS 73, at *20-21. This Court explained that in such a circumstance, the circuit court could rely on the evidence offered in the proceedings before it to determine "what the circumstances were" at the time the prior order was entered. *Id.*, slip op. at 14, 2020 Va. App. LEXIS 73, at *21. The present case is distinguishable from *O'Connor,* as here there was a prior custody order (the 2018 modification of custody order) that provided insight into the circumstances as they existed at the time the prior custody award was entered. Further, despite the 2018 modification of custody order, the circuit court accepted father's testimony regarding the parties' respective locations at the time the prior order was entered.

[5] To the extent that the circuit court's statements could be construed as implying that a custody order can be modified only when the moving party establishes a change in circumstance identified by the prior order, as a basis for the custody award, we disagree. Our law requires only that a party demonstrate a material change in circumstance since the entry of the prior order. *Keel*, 225 Va. at 611-12; *Wheeler*, 42 Va. App. at 288. On appellate review, a ruling is entitled to the "presumption of correctness," *see Niblett v. Niblett*, 65 Va. App. 616, 623 (2015) (providing that "all [circuit] court rulings come to an appellate court with a presumption of correctness"), and an appellate court "will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied," *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977).

him joint legal custody. The court found that moving 1.4 miles from the children did not constitute a material change in this case because the court's prior order indicated that the communication difficulties between father and mother were a relevant consideration in its custody determination, and those difficulties remained unresolved. The court noted that father first moved to be within close proximity to the children in 2020, three years before he sought to modify custody. The court likewise reasoned that the children's change in school was not material. The circuit court found *no* evidence that the children were asking for more time with father, that their living conditions at mother's home had declined, or that their mental health needs were not being met. The record supports all the court's findings.

On appellate review, this Court emphasizes that factual findings are committed to the sound discretion of the circuit court and may not be disturbed on appeal unless they are without evidentiary support or palpably wrong. *Moyer*, 206 Va. at 904. What constitutes a material change in circumstance is determined within the context of each individual case, and the primary concern in custody determination is always the best interests of the child. *Powell v. Knoepfler-Powell*, 303 Va. 236, 249 (2024). Accordingly, what is material may evolve as the best interests of the child evolve. Applying the standard articulated in *Keel* to the facts as found by the circuit court, we cannot say that the circuit court abused its discretion in granting mother's motion to strike.

## II. Motions to Suspend and Reconsider

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the [circuit] court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a); *Russell v. Commonwealth*, 79 Va. App. 618, 623 (2024). "Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the [circuit] court." *Thomas v. Commonwealth*, 62 Va. App.

- 10 -

104, 109 (2013). "Neither the filing of post-trial or post-judgment motions, nor the [circuit] court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1." *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 560 (2002).

On August 6, 2024—four days after the order striking father's evidence was entered—father filed a motion to suspend the order and noted his intent to file a petition for a hearing on a motion to reconsider. On August 23, 2024, father filed his petition for rehearing and motion to reconsider final orders. On the same day, the circuit court heard arguments on father's motion to suspend. Father informed the court that he had filed a reconsideration motion and requested that the orders be suspended until the court reviewed it. The court denied the motion to suspend, stating it was not good grounds to suspend an order simply because a motion to reconsider was filed on the twenty-first day. The circuit court then reviewed and denied father's reconsideration motion.

Presently, father asserts that the circuit court erred because it "let the clock run out by refusing to suspend" the order prior to father filing his reconsideration motion. For this claim, father argues that the circuit court should have suspended the order because father "br[ought] a clear error to the attention of the [circuit] court, both in court and on a motion to reconsider." Father further asserts that "instead of ruling on the merits," the court "simply declined to reconsider its order."

We disagree that the circuit court "let the clock run out." The circuit court was not required to address the motion for suspension earlier than it did, particularly as there was no basis to grant suspension until father filed his reconsideration motion, which did not occur until August 23. Notably, on August 6, 2024, father filed a praecipe for argument on the suspension motion, requesting that it be heard on August 23, 2024. Yet he did not file his reconsideration

- 11 -

motion until that day. By waiting until the twenty-first day to submit his reconsideration motion, father required the court to consider both motions that day. Under Rule 1:1(a), the circuit court acted within its discretion in denying both the motion to suspend and the motion to reconsider.

### III. Attorney Fees

"An award of attorney[] fees and costs 'is a matter for the [circuit] court's sound discretion after considering the circumstances and equities of the entire case.'" *Mayer v. Corso-Mayer*, 62 Va. App. 713, 731 (2014) (quoting *Artis v. Artis*, 4 Va. App. 132, 138 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." *McGinnis v. McGinnis*, 1 Va. App. 272, 277 (1985).

Father argues that the circuit court erred in not granting his request for attorney fees because he prevailed on several pre-hearing motions, including his motions to compel and mother's motion to continue trial and her rule to show cause. Father contrasts this with mother's lone success on her motion to strike. When denying father's request, the circuit court explained:

> The [c]ourt then considers having granted the motion to strike, the issue of attorneys' fees, and considers all the evidence that it has heard to date, financial and otherwise. And the [c]ourt is going to leave the parties where they stand with regard to their attorneys' fees primarily because [father] substantially prevailed on three or four pretrial matters. [Mother] has substantially prevailed on the motion to strike.

This explanation demonstrates that the circuit court considered the "equities of the entire case," *Mayer*, 62 Va. App. at 731, and in consideration thereof, denied father's request. The court's balanced assessment—that each party bear their attorney fees—was within its discretion.

Father also challenges the circuit court's award of attorney fees to mother for her motion for entry of order.[6]  Before the circuit court, father opposed mother's motion for counsel fees. He did not prevail, and the circuit court initially awarded mother $1,400.  Following that ruling, father, having reviewed the affidavit submitted in support of mother's motion, objected to the amount as containing "math errors."  He argued, "There were math errors in [mother's] affidavit as I reviewed it.  Only $995 was actually billed to [mother].  There's a significant math error for two entries and [y]our [h]onor ordered $1,400, which is over what she's actually billed. . . .  I have objections on that."  Mother then "concede[d] there is an error in [her] math."  She clarified that the correct amount of total attorney fees was $1,295 and asked the circuit court to award that amount.  Father objected, arguing that the $1,295 was "$650 over."  While guiding the court through mother's affidavit, father highlighted two incorrectly billed entries.  He argued that "they should have only been $350, that's $650 over.  They would be [$]995, the total fees."  The circuit court agreed with father's argument that $995 was the correct amount and adjusted the fee to $995.

Although he argued solely for $995 before the circuit court, father objected, for the first time on the court's subsequent order, stating that mother "incurred fees in the amount of $735 pertaining to the motion" for which the fee award was made.  Father raises the same argument on appeal, which is now barred.

"A litigant is not allowed to 'approbate and reprobate.'  This Court has stated that a party may not 'in the course of the same litigation occupy inconsistent positions.'"  *Matthews v. Matthews*, 277 Va. 522, 528 (2009) (quoting *Hurley v. Bennett*, 163 Va. 241, 252 (1934)).  Here,

---

[6] Mother's counsel filed this motion in July 2024, almost three months after the circuit court issued its ruling, alleging that father's counsel was not responding to his efforts to comply with the circuit court's directive that the parties prepare and file an order reflecting the outcome of the modification proceeding and noting any objections.

father advocated for the circuit court to adopt a fee amount of $995.  Subsequently advocating for the inconsistent amount of $735 is barred by the doctrine of approbate and reprobate.  *Id.*  For that reason, this Court will not disturb the attorney fees award.

CONCLUSION

Accordingly, this Court affirms the circuit court's judgment.

*Affirmed.*